Filed 4/27/16  P. v. Aveno CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO AVENO,<br><br>    Defendant and Appellant. | B266423<br><br>(Los Angeles County<br>Super. Ct. No. BA434378) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bernie C. La Forteza, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Larry Pizarro, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury found appellant Mario Aveno guilty of two counts of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) involving two victims, with a finding as to each count that Aveno personally inflicted great bodily injury (GBI) on the respective victim (§ 12022.7, subd. (a)). The trial court sentenced Aveno to a total aggregate term of nine years in state prison consisting of the upper term of four years on count 1, plus a three-year term for the GBI finding, and a one-year term on count 2 (one-third the midterm), plus a one-year term for the GBI finding (one-third the midterm). Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Aveno filed a letter brief asserting various claims of error. We affirm the judgment.

## FACTS

### *The Crimes*

During the early morning hours on March 6, 2015, Kalpesh Patel and Amit Patel left a local bar, and were walking on Hollywood Boulevard, trying to call for an Uber driver, when Aveno attacked them with a hammer. Both Patels suffered serious head injuries.

### *The Prosecution*

In April 2015, the People filed an information charging Aveno with two counts of assault with a deadly weapon upon Kalpesh Patel and Amit Patel, each with an allegation as to that Aveno personally inflicted GBI on the respective victim. The charges were tried to a jury in July 2015, at which time Kalpesh, Amit and a number of police witnesses testified for the prosecution. The evidence established the facts summarized above. Aveno was represented by a public defender, and testified in his own defense. Aveno explained that, at the time of the incident, he "perceived" that "there's always people attacking homeless people in Hollywood." Further, that the Patels appeared to be drunk and were acting aggressive as they walked toward him, and that they hit him first. Aveno testified he had been afraid that the Patels were going to try to take a guitar that he

---

[1]     All further undesignated section references are to the Penal Code.

2

was carrying that night.  After the Patels hit him first, Aveno took out a hammer and defended himself.

The case was submitted to the jury with trial court instructions on assault with a deadly weapon, and the lesser offense of misdemeanor simple assault.  Further, the court instructed on a person's right to self-defense when the person reasonably believes that he or she is in imminent danger of suffering bodily injury.  On July 23, 2015, the jury returned verdicts as noted above.  The court thereafter sentenced Aveno as noted.

Aveno filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Aveno on appeal.  Appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues.  We then notified Aveno by letter that he could submit any claim, argument or issues that he wished our court to review.  Aveno filed a letter brief which we discuss next.

## I.    Photographs

Aveno first contends his convictions must be reversed because the trial court erred in ruling that the prosecution could use "31 gory photographs" during the testimony of various prosecution witnesses.  Aveno concedes that a photograph of a victim's injuries "may [be] highly probative" to prove "several issues" in a GBI case, but argues that the use of so many photographs in his case was "highly inflammatory" and may have caused "undue prejudice in the minds of the jurors" in that they were "unduly exposed to . . . 31 highly objectionable and controversial gory photographs."  Aveno argues that, "certainly, there was another way to prove the necessary facts of Kalpesh's and Amit's injuries," such as their medical records.  He argues that the use of the "31 prejudicial, gory photographs" may have caused jurors to vote guilty "in spite of credible offered evidence favoring 'not guilty,'" thus denying him of his constitutional right to a trial by an impartial jury.  Aveno has offered impassioned arguments, but we are not persuaded to find any arguable issue.

Aveno's argument is in the nature of an objection pursuant to Evidence Code section 352, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time, confuse the issues, or mislead the jury. (Evid. Code, § 352; *People v. Callahan* (1999) 74 Cal.App.4th 356, 366-367.) Evidence is unduly prejudicial only if it """"uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on issues."" [Citations.]" (*People v. Barnett* (1998) 17 Cal.4th 1044, 1118-1119.) We review the trial court's admission of evidence of abuse of discretion. (*People v. Kipp* (1998) 18 Cal.4th 349, 371.) In other words, a trial court's decision to admit certain evidence will not be disturbed on appeal absent a showing that it exercised its discretion in an arbitrary manner resulting in a manifest miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)

We have reviewed the trial exhibits and find no abuse of discretion. As a preliminary matter, we note that Aveno is wrong that the prosecution used "31 gory photographs" of the victims' injuries at his trial. The prosecutor used a total of 21 photo exhibits at trial. Of those exhibits, a number were used to show the locations where the events of March 6, 2015 occurred, for example, photos of street locations and buildings. None of these photos is gory in any way. Further, the prosecutor used one current photo of Amit and two current photos of Kalpesh (Exhibits 5, 16, 17) to show their permanent scars. That is, to show the lasting effects of the hammer blows inflicted by Aveno. None of these photos is gory in any way, or subject to exclusion on the ground of undue prejudice. Further, Aveno did not object to the use of any of these three photo exhibits, and, thus, any objection is forfeited on appeal. (*People v. Anderson* (2001) 25 Cal.4th 543, 586 (*Anderson*).)

This leaves a total of nine photos having any relevance to Aveno's claim of error on appeal. Two of these nine, Exhibits 6 and 7, show blood splatters on the sidewalk at the scene of the attack. Aveno objected to Exhibit 6 only. He has thus forfeited any objection to the use of Exhibit 7. (*Anderson, supra,* 25 Cal.4th 543.) As to Exhibit 6, the trial court overruled Aveno's objection, finding the probative value of exhibit was

probative of the GBI elements of Aveno's case, and that it was not unduly prejudicial. We agree. Exhibit 6 is highly probative on the GBI elements of Aveno's case, is not particularly gory, and does not strike us as inflammatory in any measure.

The seven remaining photo exhibits relevant to Aveno's claim of error (Exhibits 1, 2, 4, 8, 9, 10, 15) are photos taken shortly after the hammer attack, and show the injuries to Kalpesh's and Amit's heads, generally in the nature of photos taken during their medical treatment. Although these photos reasonably could be viewed as having the potential for invoking a visceral effect on an observer, it appears from our review of the trial record that Aveno objected only to one of the exhibits, Exhibit 8. As to Exhibit 8, we find no error on the trial court ruling that the probative value of the exhibit outweighed its potential for prejudice.

Finally, we have reviewed all of the photo exhibits collectively, and find that the use of the multiple photos was not so overwhelming so as to create a potential revulsion in the minds of the jurors, causing them to convict Aveno without regard to the evidence. The use of the photos did not render Aveno's trial unfair.

## II.    Prosecutorial Misconduct

Aveno next contends his convictions must be reversed because the prosecutor twice asked for sidebar conferences to discuss offering a prior conviction to impeach Aveno during his testimony, and then "acted as though the requests were granted," notwithstanding the court's rulings that the evidence would not be allowed. Further, Aveno argues that several comments during the prosecutor's closing arguments crossed the line into the realm of prosecutorial misconduct. We see no basis for finding an arguable issue.

A prosecutor's misconduct violates the Fourteenth Amendment to the United States Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process. (*Donnelly v. DeChristoforo* (1974) 416 U.S. 637, 642-643.) Misconduct by a prosecutor that does not render a trial fundamentally unfair is error under state law only if the prosecutor uses "deceptive or reprehensible methods" to attempt to persuade the court or the jury. (*People v. Morales* (2001) 25 Cal.4th 34, 44.)

5

Aveno offers no authority for the proposition that asking for a sidebar conference constitutes prosecutorial misconduct, and the record does not support his accusation that the prosecutor ignored a particular evidentiary ruling.

Aveno also claims that certain of the prosecutor's questions during his cross-examination of Aveno were improper. We have reviewed the referenced line of questions, and find no error. What we see are questions designed to point out the inconsistencies in Aveno's testimony on direct examination. Such questioning is the very purpose of cross-examination, and does not constitute prosecutorial misconduct. Further, we see no objections to the questions to which Aveno now assigns error on appeal, and, thus, any claim of error is forfeited.

Aveno takes issue with certain comments during the prosecutor's closing arguments, asserting they were improper. We have reviewed the referenced aspects of the prosecutor's arguments, and find no error. The prosecutor highlighted the evidence showing Aveno's guilt, and challenged the believability of Aveno's testimony that he acted in a perceived need for self-defense. These themes were proper subjects for argument to a jury. To the extent the prosecutor argued that Aveno was "either lying through his teeth, or he's not lying, but he's got some issues with perception," we are not persuaded that the prosecutor went too far with his argument. A prosecutor properly may argue that a defendant lied in his or her testimony, so long as the prosecutor argues inferences based on the evidence, and does not offer a personal opinion on the defendant's credibility or suggest that there is evidence outside the record which shows that the defendant lied. (See, e.g., *People v. Edelbacher* (1989) 47 Cal.3d 983, 1030.) Further, Aveno did not object and request a curative admonition, and, thus, has forfeited his claim of prosecutorial misconduct on appeal. (See, e.g., *People v. Hinton* (2006) 37 Cal.4th 839, 863.)

Aveno's arguments about certain statements included within the prosecutor's sentencing memorandum do not support his prosecutorial misconduct arguments for reversal of the jury's verdicts in that any such statements could not possibly have affected the jury's decision-making process.

6

### III. Instructional Error

Aveno contends that his convictions must be reversed because the trial court's instructions on self-defense were erroneous. We are not persuaded.

Here, all of Aveno's arguments seem to be based on the proposition that we should reweigh the evidence and find that the Patels were the aggressors, and that consequently, he had the lawful right to defend himself. In summary, he argues he acted in a reasonable belief of the need to use self-defense. Such evidence-weighing arguments to not support a conclusion that the jury instructions contained some error. Further, it was the jury's task to decide the dispute whether the Patels acted first, triggering Aveno's perceived need for self-defense, or whether Aveno wielded his hammer without any provocation. The jury's decision to reject Aveno's version of the events does not show that the jury instructions were defective.

### IV. Stand Your Ground Defense

Last, Aveno argues that his convictions must be reversed because the trial court's instructions failed to explain to the jury that he was "entitled to stand his ground" against the "unreasonably coercive Amit Patel." We disagree. Here, Aveno's arguments simply are not cogent enough to persuade us that an error occurred. Further, it appears that Aveno's "stand your ground" arguments are largely a variation on his self-defense arguments that we addressed in the previous section of this opinion. We reiterate: it was the jury's task whether to believe Aveno's defense that he acted in a perceived need for self-defense. The jury's decision to reject Aveno's version of events does not show that the jury instructions were defective.

### V. Summation

We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

7

**DISPOSITION**

The judgment is affirmed.

BIGELOW, P. J.

We concur:


RUBIN, J.


FLIER, J.